IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUAN GOMEZ-SILVA,                                )
                                                 )
                        Petitioner,              )
        v.                                       )        Case No. 26-3178-JWL
                                                 )
MISTY MACKEY, Warden,                            )
        Midwest Regional Reception Center; and   )
TODD BLANCHE, Acting Attorney General,           )
                                                 )
                        Respondents.             )
                                                 )
_____  )

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241,

by which he challenges his detention by immigration officials.  For the reasons set forth

below, the petition is hereby **granted**.  Respondents shall release petitioner from custody,

subject to an appropriate order of supervision, by **August 14, 2026**, and shall provide notice

to this Court when that release is effected.

Petitioner is a native and citizen of Cuba who was paroled into the United States in

1980.  In 1991, an immigration judge ordered petitioner's removal, and in 2006, petitioner

was placed under an order of supervision (OSUP).  Petitioner was detained by immigration

officials on July 17, 2025, and his release was subsequently revoked.  Petitioner is presently

detained within this judicial district.  On June 12, 2026, petitioner filed this habeas action;

respondents have now filed an answer, and petitioner has filed a reply brief, and the matter

is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Specifically, petitioner claims that his detention for more than six months has now become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the

Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Petitioner has now been detained for over a year, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court, and immigration officials have not succeeded in removing him during that time. Petitioner also

3

notes – and respondents agree – that petitioner cannot be removed to his native country of Cuba, which has refused to accept him, which means that petitioner can only be removed to a third country.

The Court further finds that respondents have not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states that petitioner was scheduled for removal to Mexico in October 2025, but that he hindered that removal by refusing to be transported. The official adds that petitioner has refused on various occasions to name a third country to which he would like to be removed, but neither the official nor respondents have explained why such recalcitrance would prevent his removal to a third country nonetheless.[1] Respondents argue that officials attempted to seek approval from Mexico for petitioner's removal to that country, but the declarant has not identified those efforts, and on May 27, 2026, Mexico refused to accept petitioner. The declarant states that removal is now being attempted to Canada, but no detail is provided concerning any such efforts that have been made, nor does the declarant provide any evidence concerning the likelihood of success or the timeframe in which removal may be expected. In the response brief, Government counsel concedes that she lacks information about third country removal targets for petitioner; and counsel (to her credit) does not even oppose the petition or argue that petitioner is not entitled to relief under the *Zadvydas*

---

[1] Respondents have not argued that the removal period should be deemed tolled under 8 U.S.C. § 1231(a)(1)(C) because of conduct hindering his removal. At any rate, more than six months have elapsed since he refused to be transported for removal, and, as noted, respondents have not explained how petitioner's refusal to identify a third country hindered his removal.

4

standard, stating instead merely that the Court "should analyze" the petition under that standard.  In the absence of specific evidence showing when petitioner might actually be removed, the Court cannot find that the Government has met its burden here.

In sum, respondents have not shown a significant likelihood that, even though officials have failed to remove petitioner for over a year and have apparently made little progress in seeking third party removal, petitioner will nonetheless be removed in the reasonably foreseeable future.  Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision.  *See Zadvydas*, 533 U.S. at 700.  The petition is granted to that extent, and respondents are ordered to effect petitioner's release by **August 14, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**.  Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **August 14, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 5th day of August, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5